**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| **KIMBERLY BACKSCHEIDER**, individually on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**AMARAMEDICAL HEALTH CARE SERVICES, INC.,**<br><br>Defendant. | ) | Case No. 1:26-cv-00054-DRC<br><br>Judge Douglas R. Cole<br><br>**AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to Fed. R. Civ. P. Rule 15(a)(1), Named Plaintiff Kimberly Backscheider ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Amended Collective and Class Action Complaint against Defendant AmaraMedical Health Care Services, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111, *et seq.,* the Ohio's Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, for failure to timely pay employees for all compensable work, including unpaid overtime. Named Plaintiff also brings a claim for violations of O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a for failure to timely produce requested employment records to which Named Plaintiff is constitutionally entitled.

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the FLSA and Ohio law.

2. Named Plaintiff brings this case as a FLSA "collective action" on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P.23 to remedy violations of the OMFWSA and OPPA, individually and on behalf of other similarly situated persons who worked for Defendant in Ohio and suffered the same harms described below.

4. Furthermore, Named Plaintiff brings a claim pursuant to O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a, for Defendant's failure to respond to valid document requests within the required thirty (30) business days.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Named Plaintiff's claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).[1]

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District and Division.[2]

7. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.[3]

## PARTIES

8. Named Plaintiff is an adult individual residing in Cincinnati, Ohio. Named Plaintiff's Consent to Join form was attached as Exhibit A to her Original Complaint.[4]

---

[1] *See also* Defendant's Answer to Named Plaintiff's Original Complaint, ECF No. 9 at ¶ 4.

[2] [2] *See also Id.* at ¶ 5.

[3] [3] *See also Id.* at ¶ 6.

[4] ECF No. 1-2. Named Plaintiff originally filed a Consent to Join Form on April 10, 2025, in the case entitled *Allen v. AmaraMedical Health Care Services, Inc.*, USDC ND OH, Case No. 1:25-cv-00225. (ECF No. 3). Named Plaintiff's statute of limitations has therefore been tolled, pursuant to 29 U.S.C. §§ 216(b), 255, and 256.

9. Named Plaintiff worked for Defendant as a non-exempt hourly employee from approximately 2020 to 2021, and then again for approximately 6 to 12 months in 2023 and 2024.

10. At all relevant times, Named Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Ohio law.

11. At all relevant times, Named Plaintiff and other similarly situated employees were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Defendant is an Ohio for-profit corporation with its headquarters at 2694 Graces Run Rd., Winchester, OH 45697. Defendant can be served through its Ohio registered statutory agent: Brandi Sue Cole, P.O. Box 344, Miamitown, OH 45041.[5]

13. At all relevant times, Defendant has been an employer within the meaning of the FLSA and Ohio law.

14. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

15. Defendant provides home health care services.[6]

16. At all relevant times, Named Plaintiff and other similarly situated employees worked for Defendant as non-exempt hourly employees who performed home health aide services.[7]

---

[5] ECF No. 9 at ¶ 11.

[6] *See also Id.* at ¶ 14.

[7] *See also Id.* at ¶ 15.

17. Named Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.

**Unpaid Job-To-Job Travel**

18. At all relevant times, Named Plaintiff and other similarly situated employees were required to travel between patients' homes during their regular work hours to provide home health aide services and perform other job-related duties. Defendant required employees to clock in only upon arrival at each client's home and to clock out upon leaving, even when they were continuing their shift by traveling to another assigned client or performing work-related tasks.

19. Named Plaintiff and others similarly situated were not paid when traveling to and from different job sites within the same workday. Such work is compensable under the commonly called "continuous workday" rule.

20. This unpaid work performed by Named Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit. This included time spent traveling between client homes to begin or continue care for other clients, as well as time spent performing essential work-related errands, such as picking up prescriptions, groceries, or supplies for clients, all of which was unpaid and known to be unpaid by Defendant.

21. This unpaid work was an integral and indispensable part of the principal activities performed by Named Plaintiff and other similarly situated employees. For example, they could not perform their home aide job duties without traveling to the home of each patient.

22. The unpaid job-to-job travel that Named Plaintiff other similarly situated employees performed was at Defendant's specific direction, or, alternatively, pursuant to an

express provision of a written or unwritten contract. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply. *See* Ohio R.C. 4111.031(B)(2) and (C)(1)

23. This unpaid time is no different than an hourly employee traveling between rooms on the same floor or different floors to provide care to other patients. The only difference here is that Named Plaintiff and others similarly situated were required to travel from patient home to patient home, rather than simply room to room.[8]

24. Defendant did not timely pay Named Plaintiff and those similarly situated employees' job-to-job travel time performed during their normal work hours, which is compensable under the FLSA and Ohio law.

25. Defendant knowingly and willfully engaged in the violations of the FLSA and Ohio law outlined herein.

26. Defendant knew or should have known that employees were performing work and travel on its behalf before clocking in and after clocking out when traveling between job locations, yet failed to take any steps to ensure that this time was accurately captured/recorded and/or compensated in compliance with the FLSA and Ohio law.

27. Defendant knew that it was not paying Named Plaintiff and other similarly situated employees for job-to-job travel within the same workday.

28. For example, Defendant's CSS/Intake employee, Andrea B., openly and willingly admitted to that employees' "time starts once they clock in inside the patient's home and start working" and that "they are not paid for travel time." In addition, Andrea B. also stated,

[8] To avoid confusion, Named Plaintiff is not seeking compensation for ordinary commute time before or after the start and/or end of the workday.

"Employees clock in upon arrival to their first shift of the day and clock back out when leaving that home. Employees are not paid for any in between drive time…."

29. Named Plaintiff would sometimes need to reach out to her supervisor Yvonne when she arrived at a client's home but was not able to get in, and therefore, could not clock in, which means Named Plaintiff was on site but her work time was not being recorded, and therefore, not paid.

30. Defendant knew that Named Plaintiff and other similarly situated employees routinely worked more than 40 hours per workweek.

31. Accordingly, Defendant knew or showed reckless disregard for the fact that it was failing to pay Named Plaintiff and other similarly situated employees all overtime compensation owed, in violation of the FLSA and Ohio law.

32. Because Defendant failed to compensate for all hours actually worked, including off-the-clock intra-day travel and other work-related tasks, the time reflected in Defendant's payroll records were deceptive because the records often appeared to total only 40 hours or otherwise failed to account for overtime hours worked, and concealing the fact that additional compensable time had been worked.

**<u>Defendant's Recordkeeping Violations</u>**

33. The FLSA and state law, including Ohio law, require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

34. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of

week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. See 29 C.F.R. § 516.2.

35. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

36. Defendant kept records of hours worked, or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

37. However, because of Defendant's policies described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and other similarly situated employees.

38. Defendant willfully and intentionally transmitted deceptive, inaccurate, and/or incomplete records to payroll for compensation purposes, which deceptively and wrongly classified the unpaid job-to-job travel as not compensable time worked. Defendant's failure to correctly classify such time as compensable hours worked had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

39. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

40. As a result, Defendant willfully and intentionally failed to accurately record and compensate Named Plaintiff and those similarly situated employees for all hours worked, including their job-to-job travel and other work-related tasks, which resulted in Defendant not paying for all overtime compensation for hours worked in excess of 40 in a workweek.

**Additional Examples of Defendant's Knowledge or Reckless Disregard**

41. In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew or should have known as a substantial employer, in accordance with its obligations under the FLSA and Ohio law, that its workers, including Named Plaintiff and other similarly situated employees, were entitled to overtime compensation under federal and state law.

42. By denying Named Plaintiff and other similarly situated employees overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and Ohio law, as recited in this Amended Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and failed to comply with them or acted in reckless disregard as to its obligations under these laws in failing to comply with them.

43. Moreover, Defendant's overtime compensation payment, and general wage compensation payment, obligations were clearly known by Defendant, but nonetheless willfully and intentionally disregarded. For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall

keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the Director of Commerce, this conspicuously-placed posting includes the language: "**OVERTIME** … [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week…"[9]

44. In addition, federal law requires employers subject to the FLSA's wage provisions, such as Defendant, to post, and keep posted, a notice explaining the overtime provisions of the FLSA in a conspicuous place in all of their establishments so as to permit employees to readily read it, which includes the language that the employer must pay "**OVERTIME PAY**" at "[a]t least 1½ times the regular rate of pay for all hours worked over 40 in a workweek."[10]

45. Upon information and belief, Defendant posts the notices required to be posted under both Ohio law and the FLSA which each contain language outlining Defendant's overtime compensation requirements. By complying with state and federal overtime payment notice posting requirements, but nevertheless by not paying overtime compensation as required by these overtime payment notices, Defendant indisputably knew of the overtime requirements of the FLSA, or acted in reckless disregard for whether Named Plaintiff and others similarly situated were entitled to overtime compensation. Despite Defendant's knowledge, and mental awareness, of the overtime provisions of the FLSA and Ohio law, including physically posting notices recognizing that Defendant was required to pay overtime compensation for all overtime hours worked, Defendant

[9] *See, e.g.,* https://com.ohio.gov/static/documents/2023MWPoster.pdf (last accessed March 16, 2026) (emphasis original).

[10] *See, e.g.,* https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/minwagep.pdf (last accessed March 16, 2026) (emphasis original).

has, for many years, continued to fail to pay overtime wages for overtime hours worked to Named Plaintiff and others similarly situated.

46. Moreover, as noted above, as a result of Defendant's timekeeping requirements, Defendant was specifically aware of the actual hours worked by Named Plaintiff and others similarly situated. However, at the time that the hours worked by Named Plaintiff and others similarly situated were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted inaccurate and/or incomplete records which wrongly classified the unpaid job-to-job travel as non-compensable time worked, which had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and others similarly situated. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked, including all overtime compensation for hours worked in excess of 40 in a workweek, in violation of the FLSA and Ohio law.

47. Considering that the FLSA and its overtime requirements have existed long before the relevant time period, along with the concepts of the "continuous workday" and compensable job-to-job travel, Defendant was on notice that it was violating the FLSA and Ohio law when employees questioned why Defendant did not pay for job-to-job travel and/or other intra-day duties that were not paid. Indeed, it is Defendant who is control of employee schedules and compensation, and the Defendant who is directing this unpaid work to be performed.

48. Defendant should have inquired further into whether its conduct was in compliance with the FLSA, but intentionally or recklessly failed to make adequate further inquiry.

49. Defendant heard these complaints of unpaid time but did not act upon them.

50. Defendant had a policy of requiring Named Plaintiff and others similarly situated to regularly perform unpaid compensable work, as described herein. Defendant could have

permitted them to record this work time, which was administratively feasible and easily ascertainable, which would have precisely recorded such work, but instead it did not allow Named Plaintiff and others similarly situated to do so.

51. Defendant knowingly withheld compensation and knowingly failed to accurately record hours worked despite being on notice that employees were questioning why such compensable time was not paid. Indeed, when faced with such a complaint, Defendant simply responded that such violative practices were Defendant's policy, and Defendant was aware of and tacitly or knowingly approved of this response and the practices described herein.

52. Under these circumstances, Defendant's violations of the FLSA were willful, within the meaning of the FLSA inasmuch as Defendant had actual notice of the requirements of the FLSA. Therefore, Named Plaintiff and others similarly situated are entitled to damages spanning the full statutory period for such willful and reckless violations.

53. Additionally, Named Plaintiff and others similarly situated are entitled to liquidated damages equal to the amount of all unpaid overtime compensation pursuant to 29 U.S.C. § 260.

54. In addition, Named Plaintiff and others similarly situated are entitled to recovery under the OMFWSA for unpaid overtime compensation and recovery under Ohio's law providing for recoverable untimely payment of wages pursuant to O.R.C. § 4113.15.

**Defendant Failed to Produce Documents in Accordance with O.R.C. § 4111.14(G) and the Ohio Const. Art. II, § 34a**

55. Named Plaintiff and Opt-In Plaintiff Brittany Long joined *Allen v. AmaraMedical Health Care Services, Inc.*, Case No. 1:25-cv-00225, on April 10, 2025, and therefore authorized Plaintiffs' Counsel, as their attorneys, to request their time and pay records pursuant to O.R.C. §4111.14(G) and the Ohio Constitution, Ohio Const. Art. II, § 34a.

56. On June 30, 2025, former plaintiff Christine Allen served early documents requests pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, which were deemed served as of October 23, 2025.[11]

57. Christine Allen's document request included requests for time and pay records for the current opt-in plaintiffs, which included Named Plaintiff and Opt-In Plaintiff Brittany Long.

58. Plaintiffs' Counsel followed up with Defendant's counsel on numerous occasions via email, requesting time and pay records, including for Named Plaintiff and Opt-In Plaintiff Brittany Long.

59. Again, on October 27, 2025, and again on October 29, 2025, Plaintiffs' Counsel requested class/collective time and pay data, including for Named Plaintiff and Opt-In Plaintiff Brittany Long.

60. Thereafter, via email on November 6, 2025, Plaintiffs' Counsel requested that Defendant provided time and pay data specifically for Named Plaintiff and Opt-In Plaintiff Brittany Long.

61. Indeed, Defendant acknowledged in a Court filing that "Plaintiff's counsel requested time and pay records for Kimberly Backscheider and Brittany Long on November 6, 2025."[12]

62. Despite Plaintiffs' Counsel's repeated requests, Defendant has failed to provide any time and pay data and/or records for either Named Plaintiff or Opt-In Plaintiff Brittany Long.

63. Following Defendant's repeated failures to provide the requested time and pay records for Named Plaintiff and Opt-In Plaintiff Brittany Long, as required under the Ohio

---

[11] *See Allen v. AmaraMedical Health Care Services, Inc.*, Case No. 1:25-cv-00225, Parties' Rule 26(f) Report, at ECF No. 24.

[12] *See Id.* at ECF No. 24, Pages ID# 169-170.

Constitution, Ohio Const. Art. II, § 34a, in early February 2026, Plaintiffs' Counsel again requested their time and pay records by mail, along with an executed and notarized releases release, Named Plaintiff's request was sent on February 9, 2026, and Opt-in Plaintiff's was sent on February 10, 2026.

64. On February 17, 2026, and again on March 4, 2026, Plaintiffs' Counsel emailed Defendant's counsel concerning the March deadlines for Named Plaintiff's and Opt-In Plaintiff Brittany Long's employment records, but asked for the documents sooner, since they have been requested for such a long period of time, and as early as June 30, 2025.

65. As Plaintiffs' lawful representatives throughout this period, Defendant should have produced the requested records as early as July 30, 2025, and certainly no later than March 24, 2026, for Named Plaintiff, and March 25, 2026, for Opt-In Plaintiff Brittany Long.

66. Unfortunately, as recently as March 24, 2026, Defendant's Counsel sent Plaintiff's Counsel correspondence making it expressly clear of their utter refusal to produce the requested records in clear violation of the Ohio Constitution, Ohio Const. Art. II, § 34a and the related, but not required, O.R.C. § 4111.14(G).

67. As noted above, Ohio law provides that employers, including Defendant, "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

68. Upon information and belief, Defendant complied with Ohio Const. Art. II, § 34a, and maintained a record of Named Plaintiff's and Opt-In Plaintiff Brittany Long's employment records, including their "name, address, occupation, pay rate, hours worked for each day worked

and each amount paid … for a period of not less than three years following the last date" Named Plaintiff and Opt-In Plaintiff Brittany Long were employed. Ohio Const. Art. II, § 34a.

69. Named Plaintiff's and Opt-In Plaintiff Brittany Long's document requests sought the documents Defendant was required to maintain pursuant to the Ohio Constitution, Ohio Const. Art. II, § 34a.

70. Presuming Defendant complied with its obligations under the Ohio Constitution, production of the requested documents would not cause an undue hardship of Defendant because the requested documents are in Defendant's possession, custody, and control.

71. As of this filing, Defendant has not produced the requested time and pay data, and other employment records, for either Named Plaintiff or Opt-In Plaintiff Brittany Long.

72. Accordingly, more than thirty (30) business days have passed since Named Plaintiff's and Opt-In Plaintiff Brittany Long's document requests, and Defendant is in violation of O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a.

73. As a result of such violations, Named Plaintiff and Opt-In Plaintiff Brittany Long are entitled to costs and attorneys' fees for having to file this amended complaint for the purpose of seeking Court intervention and Defendant's compliance with O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a.

## COLLECTIVE ACTION ALLEGATIONS

74. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) individually and on behalf of other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

75. The FLSA Collective members who are "similarly situated" to Named Plaintiff with respect to Defendant's FLSA violation is defined as:

> **All current and former hourly employees of Defendant, including temporary workers if applicable, who performed job-to-job travel and who worked 40 or more hours during any workweek at any time from April 10, 2022, through final disposition of this matter (the "FLSA Collective").**

76. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of the FLSA Collective members and is acting on behalf of their interests as well as her own in bringing this action.

77. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's failure to timely pay Named Plaintiff and the FLSA Collective members for their job-to-job travel resulting in Defendant failing to pay Named Plaintiff and all others similarly situated an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

78. The identities of the putative FLSA Collective members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS
**(Ohio Class)**

79. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 individually and on behalf of other similarly situated employees who have similar claims under the laws of the State of Ohio (the "Ohio Class"), which is defined as:

> **All current and former hourly employees of Defendant in Ohio, including temporary workers if applicable, who performed job-to-job travel and who worked 40 or more hours during any workweek at any time from April 10, 2023, through final disposition of this matter.**

80. The Ohio Class is so numerous that joinder of all members of the Ohio Class is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals. The exact number as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. Art. II, §34a.

81. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to timely pay hourly employees, such as Named Plaintiff and those similarly situated employees, for all hours worked; whether Defendant failed to pay for compensable job-to-job travel and other intra-day work; whether such unpaid time resulted in failure to pay overtime compensation for hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective regular rates; and whether Defendant failed to keep accurate records as required by law.

82. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the Ohio Class as a whole, and predominate over any questions affecting only individual Ohio Class members.

83. Named Plaintiff's claims are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of other members of the Ohio Class.

84. Named Plaintiff and the Ohio Class have all been injured in that they have been uncompensated due to Defendant's common policy and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

85. Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

86. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

87. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

88. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

89. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who have joined or will join this case pursuant to 29 U.S.C. § 216(b).

90. At all relevant times, Named Plaintiff and the FLSA Collective members regularly worked 40 or more hours per workweek for Defendant.

91. Named Plaintiff and the FLSA Collective members were not paid for all time worked including, but not necessarily limited to, time spent traveling between client homes to perform job-related tasks during the workday and reporting to client homes but not being able to clock in.

92. Named Plaintiff and the FLSA Collective members were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

93. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the FLSA Collective members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

94. Defendant knew, or showed a reckless disregard, that it failed to pay Named Plaintiff and the FLSA Collective members the required overtime compensation.

95. Defendant's practice and policy of not paying Named Plaintiff and the FLSA Collective members for all overtime worked, as described above, violated the FLSA, which expressly recognizes such intra-day travel as compensable work under 29 C.F.R. § 785.38 ("Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the work day, must be counted as hours worked."); *see also*, *Vance v. Amazon.com, Inc. (In re Amazon.com, Inc.)*, 852 F.3d 601, 613-614 (6th Cir. 2017) "travel remain[s] compensable under the Act so long as they occur between two principal activities; that is, 'after

the workday begins and before it ends' . . . 'travel from job site to job site during the workday' is compensable as a 'principal activity . . .'") (further citation omitted).

96. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

97. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

98. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**COUNT TWO**
**(Ohio Class - Overtime Violations)**

99. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

100. Named Plaintiff brings this claim for violation of the OMFWSA, individually and on behalf of all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

101. At all relevant times, Named Plaintiff and the Ohio Class members regularly worked 40 or more hours per workweek for Defendant.

102. Named Plaintiff and the Ohio Class members were not paid for all time worked including, but not necessarily limited to, time spent traveling between client homes to perform job-related tasks during the workday and reporting to client homes but not being able to clock in.

103. All of the work described above constitutes compensable work under the OMFWSA.

104. Named Plaintiff and the Ohio Class members were not paid for lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

105. Defendant failed to pay Named Plaintiff and the Ohio Class members the required overtime compensation.

106. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the Ohio Class members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

107. Defendant's practice and policy of not paying Named Plaintiff and the Ohio Class members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

108. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

109. As a result of Defendant's violations of the OMFWSA, Named Plaintiff and the Ohio Class members were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

**COUNT THREE**
**(Ohio Class – OPPA Claim)**

110. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

111. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

112. Named Plaintiff brings this claim for violation of OPPA, on behalf of herself and all members of the Ohio Class.

113. Defendant failed to pay Named Plaintiff and those similarly situated for all compensable work within the time period required by the OPPA. This resulted in Named Plaintiff and others similarly situated not receiving all the overtime pay that they earned and were entitled to receive under state and federal law.

114. There is no dispute that Named Plaintiff and those similarly situated are required to be paid all work time, including regular wages and overtime, under Ohio law.

115. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the members of the Ohio Classes is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

116. Defendant's failure to pay all wages due under OPPA to Named Plaintiff and the members of the Ohio Class entitles them to the unpaid wages, plus "an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## **COUNT FOUR**
## **(Violation of O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a)**

117. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

118. As early as June 30, 2025, time and pay records were requested by Named Plaintiff's and Opt-in Plaintiff Long's authorized and legal representative, pursuant to Ohio Const. Art. II, § 34a.

119. On or about February 9, 2026, Named Plaintiff made a request for documents pursuant to O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a.

120. On or about February 10, 2026, Opt-In Plaintiff Brittany Long made a request for documents pursuant to O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a.

121. At all relevant times, Defendant was Named Plaintiff's and Opt-In Plaintiff Brittany Long's "employer" as defined in O.R.C. § 4111.14 and Ohio Const. Art. II, § 34a.

122. As Named Plaintiff's and Opt-In Plaintiff Brittany Long's employer, Defendant was required to maintain records relating to Named Plaintiff's and Opt-In Plaintiff Brittany Long's employment in accordance Ohio law.

123. Under O.R.C. § 4111.14(G) and in accordance with the Ohio Constitution, Defendant was required to "provide such information without charge to an employee or person acting on behalf of an employee upon request … within thirty [30] business days."

124. Plaintiffs' Counsel made such requests upon Defendant as early as June 30, 2025, but at least no later than February 9, 2026, and February 10, 2026, and followed up on numerous occasions.

125. More than 30 business days have passed, and as of this filing, Defendant has not produced any records for either Named Plaintiff or Opt-In Plaintiff Brittany Long.

126. Because no records have been produced, and 30 business days have passed since the requests, Defendant has violated O.R.C. § 4111.14 and Ohio Const. Art. II, § 34a.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of herself and others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to the FLSA, 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and the Ohio Class members;

C. Enter judgment against Defendant and in favor of Named Plaintiff, the FLSA Collective, and the Ohio Class;

D. Award Named Plaintiff, the FLSA Collective, and the Ohio Class actual damages for unpaid wages;

E. Award Named Plaintiff and the FLSA Collective liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the FLSA Collective;

F. Award Named Plaintiff and the Ohio Class, as liquidated damages, an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater;

G. Award Named Plaintiff, the FLSA Collective, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

H. Direct Defendant to produce all documents pursuant to O.R.C. § 4111.14(G) at no cost to Named Plaintiff, the FLSA Collective, or the Ohio Class;

I. Award Named Plaintiff, the FLSA Collective, and the Ohio Class all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

J. Award Named Plaintiff, the FLSA Collective, and the Ohio Class any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES LEGAL GROUP LLC**

*<u>/s/ Robi J. Baishnab</u>*
Robi J. Baishnab (0086195)
Adam M. Lubow (0097517)
Nicholas A. Boggs (0102430)
700 W. St. Clair Ave., Suite 320
Cleveland, OH 44113

Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
alubow@ohlaborlaw.com
nboggs@ohlaborlaw.com

Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiffs*

**JURY DEMAND**

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Robi J. Baishnab*
*Counsel for Plaintiffs*